[Cite as *State v. Petitto*, 2011-Ohio-2391.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   95276

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTHONY PETITTO

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-530113

**BEFORE:**   E. Gallagher, J., Kilbane, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   May 19, 2011

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio   44113-2098

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Ronni Ducoff
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-Appellant, Anthony Petitto, appeals from his convictions in the Cuyahoga County Court of Common Pleas. Appellant argues that the trial court failed to inform him of the effect of his guilty plea, failed to inform him of the consequences of pleading guilty to a new felony while on postrelease control, failed to determine whether or not he understood the nature of the charges against him, failed to properly assess costs, and failed to consider statutory criteria in imposing more than a minimum sentence. Appellant additionally argues that the trial court failed

to make statutory findings pursuant to R.C. 2929.14(E) and that his attorney provided ineffective assistance of counsel at his sentencing hearing. For the following reasons, we reverse and remand.

{¶ 2} Appellant was indicted on November 13, 2009. Appellant's indictment included 48 separate counts including rape and kidnapping involving two victims. Appellant initially pled not guilty to the indictment. On March 3, 2010, pursuant to a plea agreement between the State and appellant, the State moved to amend Count 5 (rape) and Count 30 (rape) to gross sexual imposition pursuant to R.C. 2907.05(A)(4). The amended counts were third degree felonies involving separate victims less than 13 years of age.

{¶ 3} Appellant pled guilty to the two counts, as amended, on March 3, 2010, the remaining counts were nolled, and the trial court remanded appellant pending sentencing. A sentencing hearing was held on April 7, 2010 and the trial court sentenced appellant to four years on each count to run consecutive to one another for a total of eight years. Appellant was also advised of a mandatory five year postrelease control term and was deemed a Tier III sex offender. Appellant subsequently appealed, raising the seven assignments of error contained in the appendix of this opinion.

{¶ 4} In his first assignment of error, appellant argues that his guilty

plea must be vacated because during the plea proceedings, the trial court failed to inform him of the effect of his guilty pleas pursuant to Crim.R. 11(C). "The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review. It requires an appellate court to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C)." *State v. Cardwell*, 8th Dist. No. 92796, 2009-Ohio-6827, ¶26, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163 (internal citations omitted).

{¶ 5} When accepting a plea of guilty in a felony case, the trial court is required to inform the defendant of the effect of the plea. Crim.R. 11(C)(2)(b); *State v. Jones*, 116 Ohio St.3d 211, 216, 2007-Ohio-6093, 877 N.E.2d 677. Crim.R.11(B) defines a guilty plea as, "a complete admission of the defendant_s guilt."

{¶ 6} The trial court's duty to inform the defendant of the effect of the plea is a nonconstitutional requirement of Crim.R. 11. *State v. Griggs*, 103 Ohio St.3d 85, 87, 2004-Ohio-4415, 814 N.E.2d 51, citing *State v. Nero* (1990), 56 Ohio St.3d 106, 107, 564 N.E.2d 474. With respect to the nonconstitutional requirements of Crim.R. 11, as set forth in Crim.R. 11(C)(2)(a) and (b), reviewing courts shall consider whether there was

substantial compliance with the rule. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶14-17. Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Id., citing *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474.

{¶ 7} Furthermore, a defendant must show prejudice before a plea will be vacated for a trial court_s error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue. *Veney*. The test for prejudice is whether the plea would have otherwise been made. Id.; see, also, *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462.

{¶ 8} In the present case, the record reveals that the trial court failed to strictly comply with Crim.R. 11(C)(2)(b) in that the court did not specifically ask appellant if he understood that his plea was a complete admission of his guilt. Nonetheless, the Ohio Supreme Court has held that unless a defendant asserts "actual innocence," he is "presumed to understand that he has completely admitted his guilt," and "a court_s failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial." *State v. Griggs*, 103 Ohio St.3d 85, 814 N.E.2d 51, syllabus; see, also, *State v. Taylor*, Cuyahoga App. No. 94569, 2010-Ohio-5607; *State v. Thomas*, Cuyahoga App. No. 94788, 2011-Ohio-214.

Appellant did not assert "actual innocence" during his plea proceeding. Additionally, appellant offers no argument as to how he was prejudiced in any way by the trial court_s failure to determine if he understood the effect of his guilty plea nor is any prejudice apparent from the record.

{¶ 9}  Although not raised as an assignment of error by appellant, we note that the trial court failed to directly ascertain whether appellant understood the maximum penalty for each offense pursuant to Crim.R. 11(C)(2)(a).  This is a nonconstitutional duty under Crim.R. 11(C)(2)(a) and the substantial compliance analysis discussed above applies.  *State v. Scott*, Cuyahoga App. No. 84381, 84382, 84383, 84384, 84389, 2005-Ohio-3690, citing *State v. Griggs*, 103 Ohio St.3d 85, 87, 814 N.E.2d 51.

{¶ 10} At appellant's plea proceeding, the State read the two amended counts of gross sexual imposition to which he would plead guilty. The State then concluded, "And as such, he would face anywhere between one and five years of definite yearly intervals.  In this case, he would also agree that he must go to prison, that although this offense usually is eligible for community control, there would be no community control. That he must go to prison. The period of PRC, post release control, for this is five years." (Tr. 5.) After discussing a number of appellant's constitutional rights, postrelease control and his Tier III offender status, the trial court stated, "That would be

after you finish your sentence because a condition of this plea is that notwithstanding the fact that it is probationable, you could serve a prison term of anywhere from one to five years in yearly increments, possible fine of $10,000." (Tr. 11.) After discussing postrelease control, the trial court asked appellant if he had any questions to ask regarding the plea and the possible consequences. Appellant stated that he did not. (Tr. 5.)

**{¶ 11}** This is not an instance where, as in *State v. Tokar*, Cuyahoga App. No. 91941, 2009-Ohio-4369, the trial court *completely failed* to comply with the requirements of Crim.R.11(C)(2)(a) such that an analysis of substantial compliance and prejudice are not implicated. The trial court in this instance partially complied with the rule in that the potential maximum penalty for a third degree felony was mentioned, however the penalty was discussed in an ambiguous manner open to reasonable misinterpretation by appellant. (Emphasis added.)

**{¶ 12}** We are mindful of the Ohio Supreme Court's holding in *State v. Johnson* (1988), 40 Ohio St.3d 130, 134, 532 N.E.2d 1295, that, "[f]ailure to inform a defendant who pled guilty to more than one offense that the court may order him to serve any sentences it imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary."

{¶ 13} However, on the facts presented in this case, we conclude that under the totality of the circumstances, the appellant could not have subjectively understood the implications of his plea because the trial court's ambiguous reference to a potential "prison term of anywhere from one to five years" failed to convey to him that the potential maximum prison term for *each offense* was five years. The prejudice to appellant is obvious from the record. A plain reading of the trial court's language would lead one to believe that the maximum penalty he faced was 5 years, cumulatively. The trial court was not required to inform appellant that the individual penalties for his offenses could be served consecutively. However, we hold that a trial court errs when it fails to inform the defendant of the maximum penalty for each offense and uses misleading language in connection with multiple offenses that ambiguously refers to a single maximum penalty. Accordingly, appellant's first assignment of error is sustained and his plea is vacated.

{¶ 14} Although appellant's remaining assignments of error are rendered moot by our vacating of his sentence pursuant to the first assignment of error, we note that as addressed in his fourth assignment of error, the trial court erred when it did not assess costs in open court and subsequently assessed costs in its journal entry. The State concedes the trial court erred in that its failure to address court costs denied appellant the

opportunity to claim indigence and to seek a waiver of the payment of costs. Pursuant to *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, the appropriate course in such an instance would be a limited remand to the trial court to allow appellant to move the court for a waiver of the payment of court costs.

{¶ 15} Judgment reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN A. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
SEAN C. GALLAGHER, J., CONCUR

Appendix

*Assignment of Error No. 1*:

{¶ **16**} "Defendant was denied due process of law when the Court did not inform the Defendant of the effect of a plea of guilty."

*Assignment of Error No. 2*:

{¶ **17**} "Defendant was denied due process of law when the court failed to inform the Defendant concerning the consequences of pleading guilty to a new felony while on post-release control."

*Assignment of Error No. 3*:

{¶ **18**} "Defendant was denied due process of law when the court did not determine the Defendant understood the nature of the plea to amended charges."

*Assignment of Error No. 4*:

{¶ **19**} "Defendant was denied due process of law when the court did not assess costs in open court and costs were assessed in the judgment entry."

*Assignment of Error No. 5*:

{¶ **20**} "Defendant was denied due process of law when the court failed to consider the statutory criteria in imposing more than a minimum sentence."

*Assignment of Error No. 6*:

{¶ **21**} "Defendant was denied due process of law when the court arbitrarily imposed consecutive sentences without any findings."

*Assignment of Error No. 7*:

{¶ **22**} "Defendant was denied counsel as guaranteed by the Sixth Amendment."