[Cite as *State v. Simonoski*, 2013-Ohio-1031.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98496

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ACO SIMONOSKI

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-553775

**BEFORE:** Blackmon, J., Stewart, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** March 21, 2013

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio 44113-2098


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Melissa Riley
Gregory Mussman
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Aco Simonoski ("Simonoski") appeals his plea and sentence for attempted murder and felonious assault and assigns five errors for our review.[1]

{¶2} Having reviewed the record and pertinent law, we affirm Simonoski's convictions. The apposite facts follow.

### Facts

{¶3} On April 20, 2010, the Cuyahoga County Grand Jury indicted Simonoski for attempted murder, four counts of felonious assault, and two counts of domestic violence. The charges arose from Simonoski striking his wife in the head and neck with an ax during a domestic dispute. He also struck his daughter on her hand with the ax, when she attempted to stop him from killing her mother. The wife survived the attack but due to her injuries she is living in a nursing home.

{¶4} Simonoski entered a no contest plea on March 30, 2012; the trial court continued the sentencing until after it received a presentence investigation report ("PSI"). On May 2, 2012, the trial court sentenced Simonoski to ten years for the attempted murder of his wife and merged all other counts pertaining to her. The court also sentenced Simonoski to eight years in prison for the felonious assault count against his daughter and merged the remaining counts pertaining to her. The trial court ordered the sentences to run consecutively, resulting in a total of 18 years in prison.

### Consecutive Sentences

---

[1]See appendix.

**{¶5}** In his first assigned error, Simonoski contends the trial court erred when it sentenced him to consecutive prison terms because it was contrary to law. Specifically, he argues that pursuant to R.C. 2929.41(A) there is a presumption that a sentence is concurrent unless it includes one of the exceptions listed in the statute. When Simonoski was sentenced in May 2012, R.C. 2929.41(A) stated:

> **Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.**

**{¶6}** Simonoski argues that because none of the listed exceptions pertained to him, the court should have imposed concurrent sentences. This court has previously addressed prior R.C. 2929.41(A) and has held that the statute's reference to R.C. 2929.14(E) is a typographical error and that the legislature meant to state R.C. 2929.14(C)(4), which concerns making findings prior to imposing a consecutive sentence. *State v. Walker*, 8th Dist. No. 97648, 2012-Ohio-4274, at fn. 2; *State v. Ryan*, 8th Dist. No. 98005, 2012-Ohio-5070. Relying on our case in *Ryan*, the Second District in *State v. Hess*, 2d Dist. No. 25144, 2013-Ohio-10, ¶ 11 and 13, explained:

**With H.B. 86, Ohio's sentencing scheme again requires judicial fact-finding for consecutive sentences. R.C. 2929.41(A), which was severed by *Foster*, was reenacted without alteration. Former R.C. 2929.14(B) and (C), which had been severed, were formally deleted, and the judicial fact-finding requirement for consecutive sentencing, previously set forth in R.C. 2929.14(E), was reenacted and codified as R.C. 2929.14(C).**

**\* \* \***

**R.C. 2929.41(A), as amended by H.B. 86, failed to reflect the renumbering of the judicial fact-finding requirements for consecutive sentencing from R.C. 2929.14(E) to R.C. 2929.14(C). And it is apparent that the reference to R.C. 2929.14(E), rather than R.C. 2929.14(C), in R.C. 2929.41(A) is a typographical error. As noted by the Eighth District, given that R.C. 2929.41(A), as amended by H.B. 86, already referred to specific subsections of R.C. 2971.03, 'the further reference to R.C. 2929.14(E), which points to other portions of R.C. 2971.03, appears to be surplusage.\* \* \* [C]ourts must avoid statutory interpretations that render any part of a statute "surplusage or nugatory."' *State v. Ryan*, 8th Dist. Cuyahoga No. 98005, 2012-Ohio-5070, ¶ 15, citing *Westgate Ford Truck Sales, Inc. v. Ford Motor Co.*, 2012-Ohio -1942, 971 N.E.2d 967, ¶ 14 (8th Dist.).**

{¶7} In fact, the legislature made its intent clear by recently amending the section in September 2012, to change the (E) to (C). Accordingly, we conclude the trial court correctly interpreted the statute and did not err by imposing consecutive sentences. Accordingly, Simonoski's first assigned error is overruled.

### Effect of Plea

{¶8} In his second assigned error, Simonoski argues the trial court failed to comply with Crim.R. 11 because it failed to explain to him the effect of his plea. The effect of a no contest plea is set forth in Crim.R. 11(B)(2), which states:

**The plea of no contest is not an admission of defendant's guilt [as is the effect of a guilty plea], but is an admission of the truth of the facts**

**alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.**

{¶9}    Informing a defendant of the effect of his or her plea is a nonconstitutional right, and, therefore, is subject to review for substantial compliance rather than strict compliance.  *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 11-12.  "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving."  *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).  Furthermore, "failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice."  *Griggs* at ¶ 12.  The test for prejudice is "whether the plea would have otherwise been made."  *Nero* at 108.

{¶10} Our review of the record shows that Simonoski subjectively understood the effects of his plea.  The trial court explained to Simonoski the possible maximum sentence, the rights he was waiving, and the fact he will be deported upon being released from prison.  Although the court did not explicitly inform Simonoski that he was admitting the facts in the indictment, the court read the indictment for each charge and Simonoski stated he pled no contest to each one.  Additionally, the court asked counsel, who is also the counsel on appeal, whether he was satisfied that the court complied with Crim.R. 11, and counsel responded that he was.  Additionally, the court asked Simonoski, "Is there anything about this case or these proceedings that you do not understand or that you would like more fully explained?"  Simonoski responded, "I understand," and his counsel responded, "He understands."

**{¶11}** Further, even if the court failed to substantially comply with explaining the effects of his plea, Simonoski still has to prove he was prejudiced by the court's failure. Simonoski argues that the fact there was no compliance absolves him of the duty to prove he was prejudiced and cites to cases dealing with misdemeanors and one dealing with the failure to advise regarding postrelease control. However, although that may be the law as to misdemeanors and postrelease control, the Ohio Supreme Court has consistently held that the court's failure to tell the defendant the effect of a plea to a felony, does not invalidate the plea unless appellant shows that he was prejudiced by the court's failure to substantially comply with the rule. *State v. Griggs*, 103 Ohio St.2d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12; *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 53; *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14-17. *See also State v. Petitto*, 8th Dist. No. 95276, 2011-Ohio-2391, ¶ 5-8 (court's failure to advise the defendant regarding the effect of the plea did not prejudice the defendant).

**{¶12}** To show prejudice, Simonoski must demonstrate that he would not have entered a no contest plea if the court provided more detail regarding the effects of his plea. *Id.* Simonoski provides no support for his contention that he was prejudiced. Moreover, as we held in *Petitto*:

> **[T]he court did not specifically ask appellant if he understood that his plea was a complete admission of his guilt. Nonetheless, the Ohio Supreme Court has held that unless a defendant asserts "actual innocence," "he is presumed to understand that he has completely**

**admitted his guilt," and a "court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial."** *State v. Griggs,* **103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, syllabus;** *see also, State v. Taylor***, Cuyahoga App. No. 94569, 2010-Ohio-5607;** *State v. Thomas***, Cuyahoga App. No. 94788, 2011-Ohio-214.** *Id.* **at ¶ 8.**

**{¶13}** Although the *Petitto, Taylor,* and *Thomas* decisions all concerned guilty pleas, we conclude the same analysis applies to no contest pleas. Simonoski never asserted his innocence; therefore, we presume the court's failure to advise him regarding the effect of his no contest plea was not prejudicial.

**{¶14}** The cases cited to by Simonoski in support of his argument are distinguishable because they are misdemeanor cases in which the court pursuant to both Crim.R. 11(E) and Traf.R. 10 has to advise the defendant of the effect of the plea. "A trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading." *Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, at ¶ 6. Unlike in felony cases, misdemeanor cases only require the court to advise the defendant of the effect of the plea; the court is not required to advise the defendant pursuant to Crim.R. 11(C). Accordingly, Simonoski's second assigned error is overruled.

### Sentence Based on Evidence Outside the Plea

**{¶15}** In his third and fourth assigned errors, Simonoski argues the trial court erred by imposing a maximum, consecutive sentence because the court relied on facts not

in the indictment or admitted at the time of the hearing, and that because the trial court engaged in a rote recitation of the sentencing statute, it failed to engage in an independent analysis.

{¶16} At the hearing, the trial court reviewed the presentence investigation report, photographs from the crime scene, and the victim impact statements given by Simonoski's children. One of Simonoski's daughters was also present when Simonoski attempted to murder her mother, and in fact, was also struck by the ax. Therefore, her impact statement included a recitation of the event and how mentally she will suffer from the horrific memories the rest of her life. Simonoski's wife was unable to speak for herself because of the injuries she suffered from the attack, she resides in a nursing home. However, Simonoski's daughter described the impact the assault had on her mother. Her mother no longer can see, talk, or perform basic life functions due to the brain injuries caused by being struck by the ax. All of Simonoski's children asked the court to impose the maximum sentence.

{¶17} We conclude consideration of all this evidence was appropriate in determining the sentence to be imposed. Pursuant to R.C. 2930.14, the victims can give oral or written statements at the hearing in which they detail the harm suffered and sanction that should be imposed. The trial court also did not err by reviewing the photographs and PSI prior to sentencing. R.C. 2947.06; *State v. Page*, 8th Dist. No. 90485, 2008-Ohio-4244.

{¶18} Our review of the record also shows the trial court engaged in the appropriate analysis in deciding to impose a maximum, consecutive sentence. With the

enactment of Am.Sub.H.B. No. 86, effective September 30, 2011, the General Assembly has revived the requirement that trial courts make findings before imposing consecutive sentences under R.C. 2929.14(C). *State v. Bonner*, 8th Dist. No. 97747, 2012-Ohio-2931, ¶ 5. Under R.C. 2929.14(C)(4), in imposing consecutive sentences, the trial court must first find that the sentence is necessary to protect the public from future crime or to punish the offender. Next, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.

{¶19} Finally, the trial court must find that at least one of the following applies: (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(C)(4)(a)-(c).

{¶20} As Simonoski concedes, the trial court stated the requirements listed in the statute verbatim; however, Simonoski argues the trial court should have engaged in an independent analysis. There was no reason for the court to state its reasons for the findings. The General Assembly deleted R.C. 2929.19(B)(2)(c) in H.B. 86. This was

the provision in S.B. 2 that had required sentencing courts to state their reasons for imposing consecutive sentences on the record. Accordingly, a trial court is not required to articulate and justify its findings at the sentencing hearing. Thus, although a trial court is free to articulate or justify its findings, there is no statutory requirement that it do so. *State v. Goins*, 8th Dist. No. 98256, 2013-Ohio-263 ¶ 11.[2]

**{¶21}** Accordingly, Simonoski's third and fourth assigned errors are overruled.

## Sentence Constitutes Cruel and Unusual Punishment

**{¶22}** In his fifth assigned error, Simonoski argues the trial court's imposition of the maximum, consecutive sentence constitutes cruel and unusual punishment because he suffered from alcoholism and major depressive disorder at the time he committed the acts.

**{¶23}** There was no evidence presented at the plea or sentencing hearings showing that Simonoski suffered from alcoholism or major depressive disorder. A review of the PSI also does not show that Simonoski suffered from these conditions. The court sentenced Simonoski based solely on the acts he committed. Accordingly, Simonoski's fifth assigned error is overruled.

**{¶24}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[2]We note that although Simonoski incredulously argues there was no mental or physical harm in this case, the trial court spoke of the horrific physical injuries suffered by Simonoski's wife and daughter, and the mental injury caused by Simonoski's actions, which will forever haunt the daughter.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON,   JUDGE

MELODY J. STEWART, A.J., and
MARY EILEEN KILBANE, J., CONCUR

## APPENDIX

**Assignments of Error**

**I.   Defendant was denied due process of law when the court imposed a consecutive sentence in violation of statutory law.**

**II.   Defendant was denied due process of law when the court accepted a plea of no contest without informing defendant concerning the effect of a plea of no-contest.**

**III.   Defendant was denied his rights under the Sixth Amendment when the court based its sentence on facts neither alleged in the indictment not admitted at the time of the plea of no-contest.**

**IV.   Defendant was denied due process of law when the court, by rote incantation, imposed maximum consecutive sentences.**

**V.   Defendant was subjected to cruel and unusual punishment when his criminal activities were, in part, caused by alcohol dependency and major depressive disorder.**