[Cite as *State v. Williams*, 2013-Ohio-1988.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   98778

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARC A. WILLIAMS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-549272

**BEFORE:**   E.A. Gallagher, J., Jones, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**    May 16, 2013

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, OH 44113-2098


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Fallon Radigan
Blaise D. Thomas
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant, Marc A. Williams, appeals from his guilty plea and the sentence imposed in the Cuyahoga County Court of Common Pleas. Williams argues that the trial court violated his Sixth Amendment Constitutional rights when it imposed more than the minimum sentence and that the trial court failed to properly inform him of the mandatory prison term prior to his guilty plea. Finding no merit to the instant appeal, we affirm the decision of the trial court.

{¶2} On April 25, 2011, the Cuyahoga County Grand Jury indicted Williams for three counts of kidnapping with sexual motivation specifications (Counts 1, 3 and 9), four counts of rape (Counts 2, 4, 10 and 11), four counts of unlawful sexual conduct with a minor (Counts 5 thru 8), one count of felonious assault (Count 12) and one count of compelling prostitution (Count 13). After initially pleading not guilty, Williams entered into a plea agreement. In exchange for amending Count 1 to abduction without the sexual motivation specification and deleting the sexual motivation specifications from the charge of rape in Count 10, Williams pleaded guilty. The state dismissed the remaining ten charges.

{¶3} On August 3, 2012, the state sentenced Williams to 24 months on Count 1 and 8 years on Count 10 to run concurrent. Williams appeals, raising two assignments

of error.

## Assignment of Error I

Defendant was denied his rights under the Sixth Amendment when the court imposed more than a minimum sentence based upon judicial factfinding.

## Assignment of Error II

Defendant was denied due process of law when the court did not inform the defendant that any sentence for rape was entirely mandatory and not probationable.[1]

{¶4}   In his first assignment of error, Williams argues that the trial court erred because it sentenced him to more than the minimum sentence after conducting impermissible judicial factfinding.   We disagree.

{¶5}   Specifically, Williams contends that the statements of the trial court judge at the sentencing hearing constituted prejudicial, judicial fact-finding.   He focuses on the following statements of the court, made after the court imposed a prison sentence of eight years for the charge of rape and 24 months on the charge of abduction to run concurrently:

> I have rarely seen a more serious case involving a long pattern of abuse, and a very serious crime occurring a number of years ago with a young woman that should not have happened.

{¶6}   In addition, the court found that Williams "forced yourself upon her and it

---

[1]Williams limits this assigned error to the charge of rape, as such, we will not address Williams' sentence for abduction.

has caused her extreme harm."

**{¶7}** Williams argues that the imposed prison sentence, despite the fact that it is within the statutory range for the offenses, violates *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, because the trial court participated in judicial fact-finding when making the above statements.

**{¶8}** The Ohio Supreme Court held in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus, that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."[2] Trial courts must still consider the statutes applicable to felony cases, including R.C. 2929.11, regarding the purposes of sentencing, and R.C. 2929.12, delineating factors relating to the seriousness of the offense and the offender's likelihood of recidivism. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

**{¶9}** After *Foster*, the Ohio Supreme Court, in a plurality opinion, developed a two-step analysis for reviewing sentences. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. The *Kalish* court held:

> First, [appellate courts] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the

---

[2]H.B. 86 "revives" judicial fact-finding prior to imposing consecutive sentences, set forth in R.C. 2929.14(C)(4). *See State v. Du*, 2d Dist. No. 2010-CA-27, 2011-Ohio-6306.

sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard.

{¶10} In *State v. Smith*, 8th Dist. No. 91346, 2009-Ohio-1610, this court dealt with a similar factual scenario. Smith argued that the imposed sentence violated his constitutional rights because the trial court participated in judicial fact-finding when it imposed its sentence. This court found that Smith incorrectly argued that the effect of *Foster* was to prohibit a trial court from making any findings whatsoever. In *Smith,* we concluded that the *Foster* decision in no way precluded judicial determinations at sentencing hearings, as incorrectly argued by Smith. We agree with the rationale in *Smith* and apply it equally to the present case.

{¶11} Williams' imposed sentence is not contrary to law. The trial court considered R.C. 2929.11 and 2929.12, found the prison term to be consistent with the purpose of R.C. 2929.11 and imposed a sentence within the statutory range. Thus, the trial court's sentence was not clearly and convincingly contrary to law.

{¶12} We next review the trial court's sentencing of Williams under the "abuse of discretion standard." An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶13} The sentencing transcript and journal entry of the court reveals that the trial court considered the relevant statutory considerations set forth in R.C. 2929.11, 2929.12 and 2929.13 in sentencing Williams. The court also considered the presentence investigation report, the statements of victim Nikeeta Stanley and her parents Donna and Nathaniel Stanley, and the emotional harm suffered by the victim. There is nothing in the record to suggest that

the trial court's sentencing decision was unreasonable, arbitrary or unconscionable.

**{¶14}** As in *Smith*, we find Williams' argument that his constitutional rights were violated by prejudicial, judicial fact-finding to be unfounded. His sentence was not judicially increased and the imposed sentence fell within the permissible statutory range.

**{¶15}** Williams' first assignment of error is overruled.

**{¶16}** In his second assigned error, Williams, in particular, claims that the trial court explained that only the minimum sentence of three years was non-probationable and thus, he was unaware of the effect of his plea at the time of its entry. We disagree with Williams' argument.

**{¶17}** In support of his assigned error, Williams cites to *State v. Pettito*, 8th Dist. No. 95276, 2011-Ohio-2391, where this court determined that the trial court erred when it did not inform a defendant of the maximum penalty for each offense and used misleading language regarding multiple offenses that ambiguously referred to a single maximum penalty.

**{¶18}** As stated by this court in *Pettito*,

> The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review. It requires an appellate court to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C).
>
> When accepting a plea of guilty in a felony case, the trial court is required to inform the defendant of the effect of the plea. Crim.R. 11(C)(2)(b). Crim.R.11(B) defines a guilty plea as, "a complete admission of the defendant's guilt."
>
> The trial court's duty to inform the defendant of the effect of the plea is a nonconstitutional requirement of Crim.R. 11. With respect to the nonconstitutional requirements of Crim.R. 11, as set forth in Crim.R. 11(C)(2)(a) and (b), reviewing courts shall consider whether there was substantial

compliance with the rule. Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.

Furthermore, a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue. The test for prejudice is whether the plea would have otherwise been made. (Citations omitted.) *Pettito*, 8th Dist. No. 95276, 2011-Ohio-2391, at ¶ 4-7.

{¶19} In *Pettito*, the court informed the defendant that a sentence on multiple sentences would be between one and five years. This court held that *Pettito* "could not have understood the implications of his plea because the trial court's ambiguous reference to potential 'prison term of anywhere from one to five years' failed to convey that the potential maximum prison term for each offense was five years." *Pettito*, 8th Dist. No. 95276, 2011-Ohio-2391, at ¶ 13.

{¶20} Unlike *Pettito*, the trial court in this case clearly explained the potential minimum and maximum sentence for the charge of rape. In particular, the court engaged in the following colloquy:

Court: Do you understand that as amended this remains a felony of the first degree, carries with it the potential of a sentence of imprisonment of three years up to ten years in one-year increments or steps but it's a mandatory minimum of at least three years? It's nonprobationable in other words. So you have to serve at least three years. Is that clear?

Williams: Yes.

Court: The maximum in one-year increments would be ten years under the old law. Is that clear?
Williams: I'm under the old law?

Court:   For that count.

Williams:   For that count.   Okay.

Court:   The new law has a higher maximum.

Williams:   But it's more favorable for the other one.

Court:   Yes.   Under the old law for this particular count it's more favorable.

Williams:   Okay.

Court:   So, the three to ten years in one-year increments and the $25,000 fine.   Is that clear?

Williams:   Yes, sir.

{¶21}   In Williams' brief, he focuses on the court's language "So you have to serve at least three years."   However, the short brief ignores the court's continued dialogue wherein the court explains to Williams that the maximum in one-year increments would be ten years and where Williams states that he understands.   Thus, under the totality of the circumstances, we find that Williams understood the maximum penalty for the charge of rape.   Further, Williams offers no argument as to how he was prejudiced in any way by an alleged failure on the part of the trial court.

{¶22}   We find this case distinguishable from *Pettito*.   Here the trial court informed Williams of the potential minimum and maximum penalties for the charge of rape and Williams admitted to the court that he understood.   We find no error with the court's plea colloquy and overrule Williams' second assigned error.

**{¶23}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. The case is remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR