[Cite as *State v. Wells*, 2015-Ohio-4276.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102568**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DERRICK WELLS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-584334-A

**BEFORE:** S. Gallagher, J., E.A. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** October 15, 2015

**ATTORNEY FOR APPELLANT**

Jonathan N. Garver
4403 St. Clair Avenue
Cleveland, Ohio    44103


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    Aqueelah A. Jordan
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

**{¶1}** Derrick Wells pleaded guilty to trafficking cocaine exceeding 20 grams, but weighing less than 27 grams, a felony of the second degree. In exchange, the state nolled the possession of drugs and criminal tools charges. Wells was sentenced to a four-year term of imprisonment, and he forfeited a cell phone and $151. Wells appealed, claiming that his plea was not knowing, voluntary, and intelligent because the trial court glossed over the nature of the trafficking offense to which Wells pleaded guilty. We disagree and affirm Wells's conviction.

**{¶2}** "Pursuant to Crim.R. 11(C), a trial court must make certain advisements prior to accepting a defendant's guilty plea in order to ensure that the plea is knowing, intelligent, and voluntary." *State v. Moore*, 8th Dist. Cuyahoga No. 101658, 2015-Ohio-1026, ¶ 7, citing *State v. Engle*, 74 Ohio St.3d 525, 660 N.E.2d 450 (1996). Courts divide the advisements into two categories, constitutional rights and nonconstitutional rights. *Id.*, citing *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51. The nonconstitutional rights of which the defendant must be informed, as made pertinent to the current appeal, include the nature of the charges to which the defendant is pleading guilty. *Id.* at ¶ 8. With respect to nonconstitutional rights, the trial court must substantially comply with the rule's mandates — defined as the defendant subjectively understanding the implications of his plea and the rights he is waiving given the totality of the circumstances. *Id.*, citing *Griggs* at ¶ 12. "Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the

circumstances indicates that 'the defendant subjectively underst[ood] the implications of his plea and the rights he [waived].'" *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). In addition, when challenging his guilty plea based on the trial court's lack of substantial compliance, a defendant must also show a prejudicial effect — that the plea would not have been otherwise entered but for the error. *Id.* at ¶ 9, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 15.

{¶3} In this case, Wells claims that the trial court failed to inform him of the nature of the trafficking charge during the plea colloquy, and as a result, he need not show prejudicial effect. "When the trial judge does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule." *Clark* at ¶ 32, citing *Nero*. "'A complete failure to comply with the rule does not implicate an analysis of prejudice.'" *Id.* at ¶ 32, quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22. If, however, the trial judge partially complies by mentioning the nonconstitutional right without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect. *Id.*

{¶4} After reviewing the transcript of the plea hearing in this case, Wells's claim that the trial court failed to mention the nature of the offense is without merit. The trial court, during the colloquy, notified Wells that he was pleading guilty to trafficking drugs, a violation of R.C. 2925.03(A)(2), before asking for the guilty plea. Although the trial

court omitted any reference to the type of drug (cocaine in this case), the trial court mentioned the nature of the offense to which Wells pleaded guilty, the specific Ohio Revised Code section, and the maximum penalty for the amount of drugs involved. Although the trial court could have provided a more in-depth explanation of the nature of the trafficking offense, the failure to do so does not transform partial compliance into a no-compliance situation. As a result, Wells must demonstrate that he was prejudiced by any alleged noncompliance with Crim.R. 11.

{¶5} As panels from this court continuously warn, "'even if the [trial] court failed to substantially comply with explaining the effects of his plea,' the defendant still has to prove that he was prejudiced by the court's failure." *State v. Mannarino*, 8th Dist. Cuyahoga No. 98727, 2013-Ohio-1795, ¶ 11, quoting *State v. Simonoski*, 8th Dist. Cuyahoga No. 98496, 2013-Ohio-1031. In both *Mannarino* and *Simonoski*, the defendants argued that no showing of prejudice was required because the trial court failed to comply. *Mannarino* at ¶ 15; *Simonoski* at ¶ 11. In both cases, panels from this court determined that there was partial compliance, and therefore, the defendants were required to demonstrate prejudice. *Mannarino* at ¶ 16; *Simonoski* at ¶ 11. As a result of the defendants not offering any argument demonstrating that they would not have entered the plea but for the inadequate explanation, the panels were forced to affirm the convictions. *Mannarino* at ¶ 18; *Simonoski* at ¶ 12.

{¶6} The same result must follow in this case. Wells argued that he need not show prejudice because the trial court failed to comply with the nonconstitutional

notification requirement of Crim.R. 11 in relating the nature of the offense to Wells prior to the guilty plea. In light of our determination that the trial court partially complied — by providing Wells with the offense, the statute, the degree of the offense, and the maximum penalty — Wells's argument fails as a matter of law; he offered nothing in support of the prejudice prong. *See Mannarino* and *Simonoski*; App.R. 16(A)(7). Without a demonstration that the defendant would not have pleaded guilty had he fully understood the nature of the offense, we cannot find merit to Wells's sole assignment of error. We affirm Wells's conviction.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR