DECISION AND JUDGMENT ENTRY
{¶ 1} Bryan K. Kight appeals the Athens County Court of Common Pleas' decision to deny his pre-sentence motion to withdraw his guilty plea. Kight argues that the trial court abused its discretion when it denied his appeal because (1) he received ineffective assistance of counsel at the time he entered his guilty plea and (2) his guilty plea was the result of coercion by the prosecuting attorney. Because we find that Kight failed to provide any evidence of ineffective assistance of counsel or coercion, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} On February 25, 1992, an Athens County grand jury indicted Kight on one count of complicity to commit aggravated trafficking in drugs, a first degree felony, and carrying a concealed weapon, a third degree felony. After the trial court granted Kight's motion to suppress his inculpatory statement to police, Kight pled guilty to a second degree felony charge for trafficking in drugs and the original concealed weapon charge. The trial court accepted Kight's plea and entered a conviction.
 {¶ 3} Prior to sentencing, Kight fled the State of Ohio. In 2003, Kight was stopped in Florida for speeding. The police officer took Kight into custody on an existing Ohio warrant. Florida authorities subsequently extradited Kight to Ohio.
 {¶ 4} Kight filed a pre-sentence motion to withdraw his guilty plea. In the memorandum attached to his motion, Kight claimed a reasonable and legitimate basis existed for withdrawal because he received ineffective assistance of counsel in the 1992 proceedings. Specifically, Kight claimed that his attorney for the 1992 proceedings failed to interview Michael Donahue, who was also arrested on the same drug charges. After Kight returned to Ohio, he sought and found Donahue. Donahue gave a video-recorded statement that Kight was not involved in the drug deal at issue. Kight claimed that he would not have pled guilty in 1992 if his attorney had interviewed Donahue and disclosed to Kight that Donahue would not testify against him.
 {¶ 5} The trial court held a hearing on Kight's motion on August 13, 2003 and November 17, 2003. At the August 2003 hearing, the court heard testimony from Michael Kight, Kight, and Sheriff Castle. Michael Kight, Kight's brother, testified that he hired an investigator to find Donahue and identified the videorecording of Donahue's statement. Kight testified that he asked his 1992 attorney to interview Donahue and that the attorney never did so. He also testified that if he had known in 1992 that Donahue's statement was the same as that shown on the video-tape that he would have pled not guilty. In addition, Kight admitted that (1) he pled guilty under the recommendation of his attorney and (2) at the time he entered his plea he understood his constitutional rights.
 {¶ 6} Sheriff Castle testified for the State. According to Castle's testimony, Donahue's video-recorded statement differed from his 1992 statement to police, in which Donahue implicated Kight's involvement in the drug deal. For example, in the 1992 statement, Donahue stated that Kight gave him the drugs and told him how much to charge for the drugs.
 {¶ 7} The trial court denied Kight's motion to withdraw his guilty plea. In its judgment entry, the trial court found the Donahue videotape to be of "questionable credibility" and noted that Kight failed to corroborate his claim that his 1992 attorney provided ineffective assistance of counsel. Moreover, the trial court stated that its review of the guilty plea hearing transcripts revealed that Kight entered his plea voluntarily. On January 22, 2004, the trial court sentenced Kight to an indeterminate sentence of three to fifteen years, with two years of actual incarceration, on the drug trafficking count and two years on the concealed weapon charge.
 {¶ 8} Kight appeals and assigns the following assignment of error: "The trial court erred when it denied Defendant/Appellant's Motion to Withdraw Guilty Plea." (sic.)
 II. {¶ 9} Kight argues that the trial court abused its discretion when it denied his pre-sentence motion to withdraw his guilty plea because: (1) the assistant prosecutor threatened and coerced him into pleading guilty and (2) his 1992 attorney rendered ineffective assistance of counsel.
 {¶ 10} "It is within the sound discretion of the trial court to grant or deny a motion to withdraw a guilty plea. State v.Xie (1992), 62 Ohio St.3d 521, paragraph two of the syllabus. We will not reverse a trial court's decision to deny a motion to withdraw a guilty plea absent an abuse of discretion. Id. at 527, citing State v. Adams (1980), 62 Ohio St.2d 151, 157. An abuse of discretion connotes more than an error of judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. In applying an abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re Jane Doe I (1991), 57 Ohio St.3d 135,137-138, citing Berk v. Matthews (1990), 53 Ohio St.3d 161,169." State v. Littlefield, Ross App. No. 03CA2747,2004-Ohio-5996, at ¶ 7.
 {¶ 11} "Crim.R. 32.1 states: `A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.' The Ohio Supreme Court has ruled that a trial court should `freely and liberally grant' a presentence motion to withdraw a guilty plea. Xie at 527. However, `[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing.' Id. at paragraph one of the syllabus. Instead, the trial court `must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.' Id. (Emphasis added.)" Littlefield at ¶ 8.
 {¶ 12} "In reviewing whether the trial court abused its discretion, we apply the following factors: `(1) whether the accused was represented by highly competent counsel; (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea; (3) whether a full hearing was held on the withdrawal motion; and (4) whether the trial court gave full and fair consideration to the motion.' State v. McNeil (2001),146 Ohio App.3d 173, 176, citing State v. Peterseim (1980),68 Ohio App.2d 211, 214. In addition, the following factors may influence our analysis: `(1) whether the motion was made within a reasonable time; (2) whether the motion set out specific reasons for the withdrawal; (3) whether the accused understood the nature of the charges and the possible penalties; and (4) whether the accused was perhaps not guilty or had a complete defense to the charges.' McNeil, citing State v. Fish (1995),104 Ohio App.3d 236, 240. A change of heart or mistaken belief about his guilty plea is not a reasonable basis requiring a trial court to permit the defendant to withdraw his guilt plea." Littlefield
at ¶ 9.
 {¶ 13} Here, Kight claims, in part, that the trial court abused its discretion when it denied his motion because his guilty plea was the result of coercion by the assistant prosecuting attorney. However, this was not a basis for Kight's motion to withdraw his guilty plea. At the withdrawal hearing, Kight did testify during redirect examination that he felt intimidated and coerced by the assistant prosecuting attorney, but that "intimidation and coercion" occurred when the police took Kight's statement. That statement was later suppressed because it was taken when police re-initiated interrogation after Kight requested counsel. The plea agreement did not occur untilafter Kight's statement was suppressed. Thus, there is no logical connection between the coercion Kight claims occurred and his eventual plea of guilty.
 {¶ 14} Kight further claims, also for the first time on appeal, that the trial court failed to inquire at his Crim.R. 11 hearing whether he was coerced or threatened into entering a guilty plea. However, Kight did not provide this court with the Crim.R. 11 transcripts. Therefore, we have no choice but to presume the validity of the hearing. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 15} Finally, Kight claims that the trial court abused its discretion when it denied his motion because Kight's 1992 attorney provided ineffective assistance of counsel by failing to interview Donahue. Again, no proof exists that his trial counsel was ineffective or negligent. In 1992, Donahue gave a statement to police in which he implicated Kight's involvement in the drug deal. Specifically, Donahue claimed that Kight provided the drugs for the deal and set the price for the sale. The trial court found Donahue's current videotaped statement to be of dubious credibility because Donahue was part of the criminal enterprise at issue; that the statement was not subject to cross-examination by the State; and that Sheriff Castle testified to the "many differences" between Donahue's 1992 statement and current statement. The trial court did not abuse its discretion in finding that Kight failed to prove ineffective assistance of counsel.
 {¶ 16} Accordingly, Kight's sole assignment of error is without merit.
 III. {¶ 17} We disagree with Kight's sole assignment of error because: (1) Kight failed to provide any proof that his 1992 attorney provided ineffective assistance of counsel; (2) Kight failed to provide this court with a transcript of the 1992 Crim.R. 11 hearing; and (3) Kight failed to prove the assistant prosecuting attorney engaged in any act of coercion at the time the plea bargain was made or when Kight entered his guilty plea. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.