[Cite as *State v. Wicks*, 2013-Ohio-1340.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   98236

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DENNIS WICKS

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-552486

**BEFORE:** Boyle, P.J., Jones, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** April 4, 2013

**ATTORNEY FOR APPELLANT**

R. Brian Moriarty
R. Brian Moriarty, L.L.C.
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Jennifer A. Driscoll
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

**{¶1}** Defendant-appellant, Dennis Wicks, appeals his conviction, raising a single assignment of error:

> The court did not substantially comply with Criminal Rule 11(C) when it failed to inform the defendant of the possible terms of imprisonment for a violation of R.C. 2919.22(B)(1) before accepting the defendant's plea.

**{¶2}** We find merit to this assignment of error, vacate Wicks's guilty plea, and remand for further proceedings.

Procedural History and Facts

**{¶3}** In August 2011, Wicks was indicted on 14 counts: three counts of rape in violation of R.C. 2907.02(A)(1)(b), two counts of sexual battery in violation of R.C. 2907.03(A)(5), six counts of child endangering in violation of R.C. 2919.22(B)(1), and two counts of felonious assault in violation of R.C. 2903.11(A)(1). The indictment identified Wicks's daughter (age 11 at the time of the offenses) and his son (age 7 at the time of the offenses) as the two victims.

**{¶4}** Wicks pleaded not guilty to the charges, and the matter proceeded to a jury trial. After the state's presentation of its third witness, the state and Wicks reached a plea agreement. Wicks pleaded guilty to a single count of rape as set forth in Count 1 and a single count of child endangering as set forth in Count 7, with both counts being amended to include both victims. The remaining counts of the indictment were nolled.

**{¶5}** Prior to accepting Wicks's guilty plea, the trial court engaged in a colloquy with Wicks, advising him of his constitutional rights, explaining the degree of felony for

each offense, informing him of the requirements for registering as a sexual offender, and stating that he would be subject to a mandatory term of five years of postrelease control. The trial court further advised Wicks of the maximum possible sentence with respect to Count 1 (rape) but failed to do the same with respect to Count 7 (child endangering).

{¶6} Upon Wicks's request, the trial court proceeded immediately to sentencing. The trial court imposed ten years on the rape count and seven years on the child endangering count, ordering that they run consecutively for a total of 17 years in prison.

### Guilty Plea

{¶7} In his sole assignment of error, Wicks argues that his guilty plea was not knowingly, intelligently, and voluntarily made because the trial court failed to inform him of the maximum penalties involved prior to accepting his plea. We find merit to this assignment of error and vacate Wicks's guilty plea.

{¶8} Under Crim.R. 11(C)(2), a trial court "shall not accept a plea of guilty * * * without first addressing the defendant personally and * * * determining that the defendant is making the plea voluntarily, with understanding * * * of the maximum penalty involved * * *." This section of Crim.R. 11 does not involve constitutional requirements; therefore, a reviewing court must determine whether there was substantial compliance. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14-17. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶9}** Furthermore, a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue. *Veney* at ¶ 14-17. The test for prejudice is whether the plea would have otherwise been made. *Id*. at ¶ 15.

**{¶10}** Here, the trial court did not substantially comply with the requirements of Crim.R. 11(C)(2)(a) because it failed to inform Wicks of the penalty for a second degree felony, including the maximum prison term of eight years. *See State v. Eckles*, 173 Ohio App.3d 606, 2007-Ohio-6220, 879 N.E.2d 829 (7th Dist.) (failure to inform defendant of the maximum penalty for pleading guilty to the offense precluded the defendant from entering a plea knowingly, intelligently, and voluntarily); *State v. Calvillo*, 76 Ohio App.3d 714, 720-721, 603 N.E.2d 325 (8th Dist.1991). Because the record contains no evidence that Wicks was ever advised of the penalty associated with child endangering (Count 7), we cannot say that his guilty plea was knowingly, intelligently, and voluntarily made.

**{¶11}** Although the state concedes that the trial court failed to substantially comply with Crim.R. 11(C)(2)(a) with regard to Count 7, the state contends that the trial court's error does not affect the conviction for Count 1 and urges this court to uphold that conviction and vacate only the conviction to Count 7.[1] But Wicks specifically alleges

---

[1] Relying on this court's decision in *State v. McGinnis*, 8th Dist. No. 92244, 2009-Ohio-6102, the state contends that the convictions stemming from the guilty plea can be parsed out. We note that no court has relied on *McGinnis* for this proposition. We further note that, unlike the instant case, the defendant in *McGinnis* apparently challenged his plea with respect to a single count, instead of both counts.

that he would not have pled guilty to the charges had he known the maximum penalty associated with each count. Here, the trial court imposed seven years on Count 7 and then ordered it consecutive to the ten years that it imposed on Count 1. And although Crim.R. 11(C)(2) does not impose a requirement on a trial judge to inform a defendant that the court may order the defendant to serve any sentences it imposed on multiple offenses consecutively, a trial court is required to inform a defendant of the maximum penalty for *each* offense. *See, e.g., State v. Johnson*, 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988) (defendant must be informed of the sentence for each charge); *State v. Petitto*, 8th Dist. No. 95276, 2011-Ohio-2391 (finding that the guilty plea was involuntary because the trial court did not clearly convey the potential maximum prison term for each offense).

{¶12} Based on the colloquy with the trial judge, Wicks easily could have believed that the maximum penalty that he would face was ten years because that was the only penalty discussed by the trial judge. Under such circumstances, we cannot say that his plea was knowingly, intelligently, and voluntarily entered. *See Petitto* at ¶ 13.

{¶13} Wicks's sole assignment of error is sustained.

{¶14} Wicks's convictions are reversed and his guilty plea is vacated.

{¶15} Judgment reversed and case remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

LARRY A. JONES, SR., J., CONCURS;
KENNETH A. ROCCO, J., CONCURS IN PART AND DISSENTS IN PART
WITH SEPARATE OPINION

KENNETH A. ROCCO, J., CONCURRING IN PART AND DISSENTING IN PART:

{¶16} Although I agree with the majority opinion insofar as it reverses Wicks's guilty plea to the count of child endangering, I respectfully dissent from its decision that Wicks's guilty plea to the rape count should also be reversed. I find the state's argument on this point persuasive for two reasons.

{¶17} First, a review of Wicks's appellate brief indicates the App.R. 16(A)(3) "statement" of his assignment of error is set forth in the following terms:

The court did not substantially comply with Criminal Rule 11(C) when it failed to inform the defendant of the possible terms of imprisonment for a violation of R.C. 2919.22(B)(1) before accepting the defendant's plea.

**{¶18}** On the maxim of "expressio unius est exclusio alterius," because Wicks challenged only his conviction for child endangering, it is the only conviction this court should address. Thus, this court's decision in *State v. McGinnis*, 8th Dist. No. 92244, 2009-Ohio-6102 is *not* "unlike the instant case," as the majority opinion declares in footnote 1. *See also State v. Lane*, 12th Dist. No. CA-89-03-039, 1989 Ohio App. LEXIS 3575 (Sept. 18, 1989).

**{¶19}** Second, in my view, the majority opinion misinterprets *State v. Johnson*, 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988). In that case, the Ohio Supreme Court held in pertinent part as follows:

> * * * [N]either the United States Constitution nor the Ohio Constitution requires that in order for a guilty plea to be voluntary a defendant must be told the maximum <u>total</u> of the sentences he faces, or that the sentence could be imposed consecutively. Therefore, even though the trial court here did not specifically state that such sentences could run consecutively, but did explain the maximum sentences possible, there was no deprivation of appellee's constitutional rights.
>
> Although there has been no violation of the appellee's constitutional rights here, we must determine whether there has been prejudicial error committed by the trial court regarding the mandates of Crim.R. 11(C). We begin our analysis by considering the text of the rule itself. A review of such rule * * * indicates that it requires the trial court to explain before it accepts "the plea," "*the* nature of *the* charge and of *the* maximum penalty involved." (Emphasis added.) Crim.R. 11(C)(2)(a). Upon its face the rule speaks in the singular. The term "the charge" indicates a single and individual criminal charge. So, too, does "the plea" refer to "a plea" which the court "shall not accept" until the dictates of the rule have been observed. Consequently, the term "the maximum penalty" which is required to be explained is also to be understood as referring to <u>a single penalty</u>. In the context of "the plea" to "the charge," <u>the reasonable interpretation of the text is that "the maximum penalty" is for the single crime for which "the plea" is offered. It would seem to be beyond a reasonable interpretation to suggest that the rule refers cumulatively to the total</u> of all sentences received for all charges which a criminal defendant may answer in a single proceeding.

    * * *

Appellee did not argue in the trial court that had he known that he was subject to consecutive sentences, he would not have pled guilty. On appeal, in his brief, his argument was not that he was unaware of the consequences of his plea and that had he been aware he would not have pled guilty; instead, his argument was that the court did not comply with Crim.R. 11(C)(2) and so the plea was *ipso facto* involuntary.

(Underscoring added.)

{¶20} Because the *Johnson* decision thus specifically stated that charges should be considered individually, I find no basis upon which to hold that Wicks's plea to the rape count was somehow flawed by the trial court's failure to inform him of the maximum penalties related to the child endangering count. The decision in *State v. Petitto*, 8th Dist. No. 95276, 2011-Ohio-2391, does not support the majority opinion on this point; in that case, the trial court implied that the total penalty that could be imposed for both offenses to which the defendant pleaded guilty was actually the maximum penalty for only one of them.

{¶21} I find further support for my view in the language used in *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph three of the syllabus, which states that "[a]n appellate court may modify, remand, or vacate only a sentence *for an offense that is appealed by the defendant * * * *.*" (Emphasis added.) The Supreme Court thus rejected the notion of a "sentencing package."

{¶22} In like manner, as in most cases, the record of this case shows that the trial court treated each of the counts individually; the trial court explained all of the penalties involved with respect to the rape count before proceeding to the next one. The trial

court's failure to advise Wicks of the maximum penalty for only the child endangering count, therefore, should not be treated by this court as a "plea package."

{¶23} For the foregoing reasons, although I concur with the majority opinion that Wicks's conviction for child endangering must be reversed, I dissent with respect to that portion of the majority opinion's decision that reverses Wicks's conviction for rape.