[Cite as *State v. Houston*, 2014-Ohio-2827.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                    :
                                  :
        Plaintiff-Appellee,       :         Case No. 12CA3472
                                  :
    vs.                           :
                                  :         DECISION AND JUDGMENT
MARCO DWAYNE HOUSTON,             :         ENTRY
                                  :
        Defendant-Appellant.      :         **Released: 05/14/14**

_____

APPEARANCES:

Marco Dwayne Houston, Lima, Ohio, Pro Se Appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Pat Apel, Scioto County
Assistant Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

_____

McFarland, J.

{¶ 1} This matter comes before us following our decision under App.R.

26(B) to reopen Appellant Marco D. Houston's direct appeal. Here Appellant

raises a single assignment of error. He contends the trial court lacked jurisdiction,

violated Crim.R. 11(C)(2), and breached a plea agreement when it gave him the

maximum penalty for a felony of the third degree when Count 4 of the indictment

against Appellant was a felony of the second degree, and therefore, Appellant's

plea was not knowingly, intelligently, and voluntarily made. However, because we

conclude the trial court substantially complied with Crim.R.11(C)(2) in advising

Appellant as to the maximum penalties associated with a felony of the third degree, the felony to which he pled, we find his plea was knowingly, voluntarily, and intelligently made. As such, we overrule Appellant's sole assignment of error and affirm the judgment of the trial court.

## FACTS

{¶ 2} As noted in our decision granting Appellant's application for reopening, Appellant entered no contest pleas and was found guilty of: (1) trafficking in drugs with a firearm specification, in violation of R.C. 2925.03(A)(2)/(C); (2) possession of drugs, in violation of R.C. 2925.11(A); and tampering with evidence, in violation of R.C. 2921.12(A)(1). Appellant was sentenced to an agreed sentence of consecutive prison terms for the charges, for a total stated prison term of ten years.

{¶ 3} Appellant filed an initial appeal from his convictions and sentences, which we affirmed in *State v. Houston,* 4th Dist. No. 12CA3472, 2013-Ohio-686. Appellant subsequently filed an application for reopening. Appellant argued his appellate counsel was ineffective because counsel should have raised three additional arguments within the initial appeal: (1) that Houston's plea was not knowingly, intelligently, and voluntarily made; (2) that counsel failed to raise an issue with regard to the trial court's imposition of consecutive sentences; and (3) that trial counsel should have requested a Franks hearing. In granting Appellant's

application, this Court concluded that Appellant's first assignment of error had a

reasonable probability of success on appeal.  Thus, the matter is now before us

once again, via a reopened direct appeal, wherein Appellant raises a single

assignment of error for our review.

ASSIGNMENT OF ERROR

> "I. THE TRIAL COURT LACKED JURISDICTION, VIOLATED
> CRIM.R. 11(C)(2) AND BREACHED THE NOVEMBER 4, 2011
> PLEA AGREEMENT, WHEN IT GAVE APPELLANT THE
> MAXIMUM PENALTY FOR COUNT (4) AS A FELONY OF THE
> THIRD DEGREE WHEN COUNT (4) IS A FELONY OF THE
> SECOND DEGREE.  APPELLANT'S PLEA WAS NOT
> KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY
> MADE."

**{¶ 4}**  Appellant argues the trial court lacked jurisdiction to convict and

sentence him when it failed to give him the correct maximum penalty, pursuant to

Crim.R. 11(C) on November 4, 2011.  Appellant argues the trial court completely

misled him as to the maximum sentences and the correct maximum fines for a

felony of the second degree as charged in the indictment.  Appellee responds that

under the totality of the circumstances, Appellant subjectively knew he was

pleading to a felony of the third degree, that it was to his advantage to plead to a

felony of the third degree, and that the trial court substantially complied with

informing Appellant of the maximum sentence for the offense to which Appellant pled.[1]

{¶ 5} Appellant was indicted on September 16, 2011. The indictment lists Count 4, R.C. 2925.11(A)/(C)(1)(c), possession of drugs, as a felony of the second degree. The record reveals an October 4, 2011 bond agreement which lists Count 4 as a felony of the second degree. However, on November 4, 2011 at the change of plea hearing, the transcript shows Count 4 was referenced as a felony of the third degree. On that date, Appellant signed a "Maximum Penalty" form listing Count 4 as a felony three. On the same date, Appellant signed a "Waiver" form listing Count 4 twice as a felony of the third degree, and specifically as "Possession of Drugs, in violation of Ohio Revised Code Section 2925.11(A), a felony of the third degree." At the sentencing hearing on February 2, 2012, Count 4 continued to be referenced as a felony of the third degree.

{¶ 6} Appellant claims his plea was not knowing and intelligent because the trial court failed to advise him of the maximum penalty for Count 4 as contained in the indictment, pursuant to Crim. R. 11(C)(2). The portion of Crim.R. 11(C)(2), relevant here, provides:

> "In felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

---

[1] Appellee also points out the felony of the third degree to which Appellant entered his plea is a lesser included offense of the second degree felony of which Appellant was indicted.

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."

{¶ 7} In determining whether to accept a guilty plea, the trial court must determine whether the defendant has knowingly, intelligently, and voluntarily entered the plea. *State v. Puckett,* 4th Dist. Scioto No.03CA2920, 2005-Ohio-164, ¶9; *State v. Johnson,* 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988), syllabus; Crim.R.11(C). To do so, the trial court should engage in a dialogue with the defendant as described in Crim.R.11(C). *Puckett, ¶*9

{¶ 8} Ohio courts have determined that although literal compliance with Crim.R.11(C)(2)(a) is preferred, it is not an absolute requirement. *State v. Caplinger,* 105 Ohio App.3d 567, 664 N.E.2d 959 (4th Dist. 1995). Rather, the trial court's actions will be reviewed for "substantial compliance" with Crim.R. 11(C)(2)(a). *Id.*, at ¶¶5,6; *Johnson,* 532 N.E.2d at 1298; *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476-477 (1990). "Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." *Caplinger, supra,* quoting *State v. Carter,* 60 Ohio St.2d 34, 38, 396 N.E.2d 757, 759-760 (1979). (Internal citations omitted.). In other words, it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the

trial court's error, there is still substantial compliance. *State v. Nero,* 564 N.E.2d at 476-477. Furthermore, an appellant who challenges his plea on the basis that it was not knowingly and voluntarily made must show a prejudicial effect. *Nero, supra,* citing *State v. Stewart,* 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977); Crim.R. 52(A). The test is whether the plea would have otherwise been made. *Stewart, supra* at 93, 364 N.E.2d at 1167.

{¶ 9} In general, the failure of a trial court to properly inform a defendant of the maximum penalty applicable to his offense is reversible error. *Caplinger, supra* at 7; *State v. Gibson,* 34 Ohio App.3d 146, 146-148, 517 N.E.2d 990 (8th Dist. 1996). Ohio law also provides a trial court is required to inform a defendant of the maximum penalty for each offense. *State v. Wicks,* 8th Dist. Cuyahoga No. 98236, 2013-Ohio-1340, ¶11. Appellant directs us to *State v. Calvillo,* 76 Ohio App.3d 714, 603 N.E.2d 325 (8th Dist.1991), which held:

> "Crim.R. 11(C)(2)(a) requires that a defendant be informed of the 'maximum penalty involved.' The record clearly demonstrates defendant was not so informed. Even though defendant ended up with a sentence less harsh than that which he thought he would receive, it is conceivable that defendant may have not entered a plea if he believed the sentence to be less harsh."

{¶ 10} In this case, the record reflects Count 4 of the original indictment was charged as a felony of the second degree. A subsequent bond agreement reflected Count 4 as a felony of the second degree. Thereafter, Count 4 was referenced in the pleadings and transcripts as a felony of the third degree.

Appellant points out the charge was never amended to a third degree felony.[2] The

transcript of the November 4, 2011 change of plea hearing sheds some light on

Appellant's understanding of the nature of his plea, the terms of the plea

agreement, and the sentence he would likely receive. The trial court addressed

Appellant as follows:

> The Court: Please be seated. The record will reflect we're here on
> 11CR791, captioned State of Ohio versus Marco D. Houston. It's the
> court's understanding that Mr. Houston's prepared to change his plea to
> Count 1, the charge of Trafficking in Drugs, a felony of the first degree, in
> violation of 2925.03(A)(2)/(C); Count 4 possession of drugs, a felony of the
> third degree in violation of 2925.11(A), and Count 7 Tampering- -
> Tampering with Evidence with a forfeiture specification. This will be a
> felony- - let's see Felony 2- -
>
> Mr. Apel:     Counts 4 and 7 are both felony 3's.
>
> The Court: 3's, okay. They didn't write that on here. That would be in
> violation of 2921.12(A)(1). The record should further reflect it's a
> negotiated plea pursuant to Section 2953.08(D) and Criminal Rule 11F, that
> on Count 1, the charge of Trafficking in Drugs, the defendant will receive a
> five year mandatory prison sentence, and on Count 4, Possession of Drugs, a
> felony of the third degree, he will receive a three year prison sentence, non-
> mandatory, and on Count 7 he will receive a two year prison term, non-
> mandatory, all running consecutively with each other for an aggregate ten
> year prison term, and also that the sum of $15, 151.00 will be forfeited to the
> State of Ohio. Mr. Mearan , is this your understanding, sir?
>
> Mr. Mearan: That's correct, Your Honor.
>
> The Court: Okay. And Mr. Houston, is this your understanding?

---

[2] Count 4, as a felony of the second degree, is correctly noted in our February 7, 2013 opinion in *Houston, supra* at ¶56. We also mirror the trial court's record by referencing the November 4, 2011 transcript of the change of plea hearing, in which Count 4 is incorrectly referenced as a felony of the third degree. *Houston, supra* at ¶43. The February 8, 2012 judgment entry of sentence also contains the incorrect reference.

Defendant:   Yes.
The Court:   You understand by proceeding in this fashion, sir, you're waiving your right to appeal?

Mr. Mearan: No, Your Honor, that's - -

Defendant:   No. No.

Mr. Mearan: That's not- -

The Court:   That's right; it's a no contest plea. I – I take that back.

Mr. Mearan: We- - we are preserving the right to appeal - -

The Court:   Yes.

Mr. Mearan: The Motion to Suppress.

The Court:   I knew that, but this comes out of my mouth by habit because I do so many of them, and we don't –

Mr. Mearan:  I understand.

The trial court went on to discuss all of Houston's constitutional rights with him, as well as the written waiver of rights.  In particular, this exchange occurred:

> The Court: You've been *advised by your lawyer and by the court of the charges against you, the penalties provided by law, and your rights under the Constitution,* (emphasis added) and you've waived a reading of the indictment by signing this document titled waiver. Sir, is that you're signature?
>
> Mr. Mearan: Yes.
>
> Defendant:   Yes.

Later in the change of plea hearing, this exchange took place:

The Court:   Sir, the felony of the first degree actually carries a maximum prison term of ten years, a maximum fine of $20,000.00, and both the felony 3's carry a maximum prison terms of five years, maximum fines of $10,000.00, *but it's been negotiated between yourself and the State of Ohio that you will receive on- - on the Court 1 a five year mandatory prison term, on Count 4 a three year non-mandatory term,* (emphasis added) and on Count 7 a two year non-mandatory prison term; is that your understanding?

Defendant:   Yes.[3]

{¶ 11}  Further, Appellant signed a "Maximum Penalty" form and a "Waiver" setting forth his constitutional rights.  The waiver indicates counsel had explained the maximum penalties to him.  On both forms, Count 4 is listed as a felony of the third degree.

{¶ 12}  Under the unique circumstances of this case, we find the trial court substantially complied with Crim. R. 11(C)(2) in advising Houston of the maximum penalties associated with the charge to which he entered his plea, a felony of the third degree.  The record reflects Appellant understood his constitutional rights, and understood he was entering into an agreed sentence.  The trial court referenced the fact the sentence was negotiated and cited the statute regarding agreed sentences.  Furthermore, the record shows Appellant realized he was planning to pursue an appeal, on the issue of the suppression motion. Appellant verbally acknowledged he understood his constitutional rights and the proceedings. He also signed forms acknowledging he understood his constitutional

---

[3] Attorney Apel, on behalf of the Prosecutor's office, interrupted to point out that under the new sentencing law, House Bill 86, the maximum sentence on Counts 4 and 7 was three years, not five.

rights and the sentence to which he had agreed. In particular, Appellant acknowledged to the trial judge in open court that his attorney had explained the charges to him and the associated penalties. Appellant's plea and sentence on a felony of the third degree was consistent with the explanation he was given and by all forms signed by him. Knowledge of the maximum penalties is a non-constitutional right and the trial court substantially complied with advising him as to the maximum penalties.

{¶ 13} There is confusion surrounding how Count 4 came to be designated a felony of the third degree. We conclude it was likely the result of a scrivener's error. There is no record of its being amended. However, Appellant pled to a felony of the third degree and was given the maximum sentence of Count 4 as felony of the third degree. The journal entry of sentence further demonstrates that all remaining counts of the indictment were dismissed. The journal entry of sentence had the effect of dismissing Appellant's second degree felony.

{¶ 14} We further observe it was in Appellant's interest to plead to a three-year sentence, when a felony of the second degree could have yielded a sentence of up to eight years. R.C. 2925.11(C)(1)(c); R.C. 2929.14. Appellant subjectively knew he was pleading to a felony of the third degree and was informed of the correct sentence. We find it difficult to believe that his plea would have otherwise

not been made.  Under these circumstances, Appellant is unable to show a

prejudicial effect.

{¶ 15}  Finally, the record reveals Appellant entered into an agreed sentence.

A defendant's right to appeal a sentence is based on specific grounds stated in R.C.

2953.08(A):

> "In addition to any other right to appeal and except as provided in
> division (D) of this section, a defendant who is convicted of or pleads
> guilty to a felony may appeal as a matter of right the sentence
> imposed upon the defendant on one of the following grounds:
>
>      * * *
>
> (4) The sentence is contrary to law." *State v. Underwood,* 124 Ohio
> St. 3d 365, 922 N.E.2d 923, ¶ 10-13.

{¶ 16}  Subsection (D)(1) provides an exception to the defendant's

ability to appeal:

> "A sentence imposed upon a defendant is not subject to review under
> this section if the sentence is authorized by law, has been
> recommended jointly by the defendant and the prosecution in the case,
> and is imposed by a sentencing judge." *Underwood, supra* at ¶15.

{¶ 17}  A sentence that is "contrary to law" is appealable by a defendant;

however, an agreed-upon sentence may not be if (1) both the defendant and the

state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3)

the sentence is authorized by law.  R.C. 2953.08(D)(1); *Underwood,* at ¶16.  If all

three conditions are met, the defendant may not appeal the sentence.[4]  In *State v. Royles,* 1st Dist. Hamilton No. C-060-875, C-060-876,  2007-Ohio-5348, ¶10, the 1st District Court of Appeals  held while it could not review an agreed sentence, it could review the validity of the plea leading to the agreed sentence.  Here, we have found the trial court substantially complied with advising Appellant of the maximum sentence for Count 4.  Thus, his plea is valid.

{¶ 18}  Appellant indicated on the record at his change of plea hearing that he understood he would be receiving three years on Count 4, and that he would receive a total aggregate sentence of ten years.  Appellant's sentence was jointly recommended, imposed by the sentencing judge, and authorized by law.  In *State v. Adkins*, 4th Dist. Washington No. 11CA30, 2012-Ohio-2445, ¶9, we discussed the Supreme Court of Ohio's "authorized by law" requirement, as set forth in *Underwood, supra*.  As the *Underwood* court explained:

> "[A] sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions. *Id.* at 20.  In other words, 'when a sentence fails to include a mandatory provision, it may be appealed because such a sentence is 'contrary to law' and is also not 'authorized by law.'" *Underwood, supra* at ¶21.

---

[4] A sentence is "authorized by law" and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions. *Underwood, supra* at ¶20.  A trial court does not have the discretion to exercise its jurisdiction in a manner that ignores mandatory statutory provisions. *Id.*  The *Underwood* court also noted its holding did not prevent R.C. 2953.08(D) from barring appeals that would otherwise challenge the court's discretion in imposing a sentence, such as whether consecutive or maximum sentences were appropriate under certain circumstances. *Id.* at ¶22.

{¶ 19}  We have found the trial court substantially complied with Crim.R. 11(C)(2).  Further, Appellant's sentence complies with the requirements set forth in *Underwood* and therefore, is authorized by law.  His sentence is, therefore, not subject to review.  As such, we overrule the assignment of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Hoover, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland
Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**