[Cite as *State v. Soria* , 2016-Ohio-2782.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 14CA3650 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| ANSELMO REYES SORIA, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 04/29/16** |

_____

APPEARANCES:

Bryan Scott Hicks, Lebanon, Ohio, for Appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

_____

McFarland, J.

{¶ 1} Anselmo Reyes Soria appeals two convictions for rape after he entered a negotiated plea in the Scioto County Common Pleas Court. Appellant's counsel has advised this Court that, after reviewing the record, he cannot find a meritorious claim for appeal. As a result, Appellant's counsel has moved to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396 (1967). Appellate counsel has filed a brief suggesting that Appellant's plea was improperly accepted as a potential assignment of error. However, we find no merit to the potential assignment of error and, after

independently reviewing the record, find no additional error prejudicial to Appellant's rights in the trial court proceedings. The motion of counsel for Appellant requesting to withdraw as counsel is granted, and this appeal is dismissed for the reason that it is wholly frivolous.

## FACTS

{¶ 2}  In July 2013, Appellant was indicted for three counts of rape, R.C. 2907.02.  Appellant was found to be indigent and counsel was appointed.  Later, a superseding indictment was filed on September 18, 2013, alleging 10 counts of rape and one count gross sexual imposition, R.C. 2907.05(A)(1)(4).  As to the rape counts, Appellant was alleged to be a sexually violent predator.

{¶ 3}  Generally, multiple sexual acts were alleged to have occurred between Appellant, as a step-grandfather, and his step-grandchildren, in Scioto County, Ohio, between 1999 and 2012.  Specifically, the acts were performed by Appellant with respect to a step-grandson born in 1990 and a step-granddaughter born in 1996.  Appellant allegedly threatened to kill the children's mother and grandmother if they told anyone.  He also allegedly arranged an abortion for the step-granddaughter as a result of his sexual activity with her in 2012.

{¶ 4} Appellant's arraignment occurred on October 23, 2013, due to the necessity and earlier unavailability of an interpreter. Appellant, through counsel, also waived the time provisions of R.C. 2945.71. The parties engaged in discovery.

{¶ 5} Appellant's counsel filed a motion to suppress which was heard on April 16, 2014. Appellant moved the trial court to suppress his statement given to law enforcement officers on July 8, 2013. At the suppression hearing, Appellant was afforded the services of an interpreter, Adelina Schutt. Appellant argued he did not knowingly, voluntarily and intelligently waive his Miranda rights when he gave a video statement to Detective Jodi Conkel. Appellant's motion was overruled on April 21, 2014.

{¶ 6} The matter was scheduled for trial on August 11, 2014. However, on July 31, 2014, Appellant entered into a plea agreement with the State of Ohio. Appellant pled guilty to Counts 10 and 11, felonies of the first degree, and agreed to a ten-year sentence on each, to be served consecutively. The remaining counts were dismissed. The same Spanish interpreter certified by the Supreme Court of Ohio was present with Appellant at the change of plea/sentencing hearing.

{¶ 7} Appellant filed a timely notice of appeal.

ANDERS BRIEF

{¶ 8}  Under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), counsel may ask permission to withdraw from a case when counsel has conscientiously examined the record, can discern no meritorious claims for appeal, and has determined the case to be wholly frivolous. *Id.* at 744; *State v. Adkins,* 4th Dist. Gallia No. 03CA27, 2004-Ohio-3627, ¶ 8. Counsel's request to withdraw must be accompanied with a brief identifying anything in the record that could arguably support the client's appeal. *Anders* at 744; *Adkins* at ¶ 8.  Further, counsel must provide the defendant with a copy of the brief and allow sufficient time for the defendant to raise any other issues, if the defendant chooses to. *Id.*

{¶ 9}  Once counsel has satisfied these requirements, the appellate court must conduct a full examination of the trial court proceedings to determine if meritorious issues exist.  If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and address the merits of the case without affording the appellant the assistance of counsel. *Id.*  If, however, the court finds the existence of meritorious issues, it must afford the appellant assistance of counsel before deciding the merits of the case. *Anders* at 744; *State v. Duran,* 4th Dist. Ross No. 06CA2919, 2007-Ohio-2743, ¶ 7.

{¶ 10} In the current action, Appellant's counsel advises that the appeal is wholly frivolous and has asked permission to withdraw. Pursuant to *Anders,* counsel has filed a brief raising one potential assignment of error for this Court's review.

POTENTIAL ASSIGNMENT OF ERROR

I. MR. SORIA'S PLEA WAS IMPROPERLY ACCEPTED.

A. STANDARD OF REVIEW

{¶ 11} " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' " *State v. Felts,* 4th Dist. Ross No. 13CA3407, 2014-Ohio-2378, ¶ 14, quoting *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7, quoting *State v. Engle,* 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). In determining whether a guilty or no contest plea was entered knowingly, intelligently, and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards. *Felts, supra*; *State v. Cooper*, 4th Dist. Athens No. 11CA15, 2011-Ohio-6890, ¶ 35.

## B. LEGAL ANALYSIS

**{¶ 12}** Appellate counsel's brief sets forth the only possible issue presented for review and argument is that the trial court erred in accepting his plea in light of the circumstances involving a native Spanish speaker. "[I]n a criminal case the defendant is entitled to hear the proceedings in a language he can understand." *State v. Razo,* 9th Dist. Lorain No. 03CA008263, 2004-Ohio-3405, ¶ 4, quoting *State v. Pina*, 49 Ohio App.2d 394, 399, 361 N.E.2d 262(1975). The trial court must determine whether the defendant completely understands the ramifications of entering a plea of guilty. *Razo, supra*, at ¶ 6; *State v. Duran-Nina*, 8th Dist. Cuyahoga Nos. 71159 and 71160, 1997 WL 675450. Accordingly, to determine his understanding, the trial court must engage in an oral dialogue with the defendant who is entering the plea. *Id.; State v. Caudill* (1976), 48 Ohio St.2d 342, 2 O.O.3d 467, 358 N.E.2d 601, paragraph two of the syllabus. The trial court has the discretion to determine whether the defendant requires an interpreter for assistance. *State v. Saah*, 67 Ohio App.3d 86, 95, 585 N.E.2d 999 (1990); *State v. Quinones*, 8th Dist. Cuyahoga No. 44463, 1982 WL 5957.

**{¶ 13}** As cited above, in determining whether to accept a guilty plea, the trial court must determine whether the defendant has knowingly,

intelligently, and voluntarily entered the plea. *State v. Houston,* 4th Dist. Scioto No. 12CA3472, 2014-Ohio-2827, ¶ 7; *State v. Puckett,* 4th Dist. Scioto No. 03CA2920, 2005-Ohio-164, ¶ 9; *State v. Johnson*, 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988), syllabus; Crim.R. 11(C).  To do so, the trial court should engage in a dialogue with the defendant as described in Crim.R. 11(C). *Houston, supra*; *Puckett,* ¶ 9.

**{¶ 14}**  Crim.R. 11(C) provides:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a)  Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b)  Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c)  Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 15} The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11. *State v. Caratachea,* 2nd Dist. Greene No. 2009CA54, 2010-Ohio-3338, ¶ 11. However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements. *Id. State v. Nero*, 56 Ohio St.3d 106, 108 (1990). The trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Caratachea, supra.*

{¶ 16} According to the Supreme Court of Ohio:

"Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made." *State v. Abualdabat,* 8th Dist. Cuyahoga No. 92072, 2009-Ohio-1618, ¶ 10, quoting *State v. Piacella,* 27 Ohio St.2d 92, 271 N.E.2d 852 (1971), syllabus.

{¶ 17} In the case sub judice, the trial court, in its discretion, appointed an Ohio Supreme Court certified Spanish interpreter, Adelina Schutt, early in the proceedings. The record demonstrates at the change of plea hearing and sentencing, Appellant was accompanied by his attorney and Mrs. Schutt. The trial court recited the terms of the plea agreement and

specifically asked Appellant if he understood the offer that had been made,

to which Appellant replied "Yes, sir."  The trial court then advised Appellant

of the maximum penalty and that post-release control would be mandatory.

When asked if he understood the maximum penalty, Appellant, replied "Yes,

sir."  At this point, the trial court took a recess to allow Appellant more time

to speak to his attorney.

{¶ 18}  When the parties went back on the record the trial court stated:

> "* * *Okay, all right.  So I misstated.  You're pleading to
> counts 10 and 11 which carry maximum sentences of 11 years
> and all of the counts that carry a maximum sentence of life in
> prison without possibly of parole will be dismissed.  The
> agreement is that the State is recommending, and I will impose,
> a sentence of 10 years on each count of rape and order that they
> run consecutive for a total intended sentence of 20 years.  Mr.
> Soria, is this what you want to do?"

{¶ 19}  Appellant answered in the affirmative.  The trial court went on

to advise Appellant that a conviction of the offenses to which he was

pleading guilty may have the consequences of deportation, exclusion from

admission to the United States or denial of naturalization pursuant to the

laws of the United States.  When asked if he understood, Appellant replied

"Yes, sir."

{¶ 20}  The record further reflects the trial court discussed the

maximum penalty form and waiver forms with Appellant.  The trial court

also discussed the possibility of post-release control.  Appellant had one

question which pertained to the charges and the trial court clarified that he was pleading to two counts of rape. Appellant indicated at all times he understood what was being explained and that the trial court had answered his question clarifying the charges to his satisfaction.

{¶ 21} The trial court then engaged in the colloquy required by Crim.R. 11(C). The trial court asked Appellant if he understood what the word "waive" meant. He also asked Appellant if he was satisfied with his attorney's representation and Mrs. Schutt's interpretation services. Appellant responded affirmatively at all times. When the trial court inquired as to Appellant's waiving of his rights to trial by jury, right to confrontation of witnesses, right to compulsory process, and the rights to require the State to prove his guilt beyond a reasonable doubt and against self-incrimination, Appellant responded affirmatively at all times that he understood the rights he was waiving.

{¶ 22} Appellant further indicated he had not changed his plea due to promises, threats, or inducements. The trial court then acknowledged Appellant had already signed the maximum penalty and waiver forms, that he had discussed them with Appellant in open court and on the record, and inquired as to whether Appellant wanted his signature to remain on the documents. Appellant again answered "yes." The trial court made the

finding then that Appellant understood the concepts of maximum penalties, post-release control and community control. The court further found Appellant had been advised of his constitutional rights, that he understood them, and that he had waived them both orally and in writing.

{¶ 23} As our de novo review and the above illustrate, Appellant indicated he understood the nature of the charges against him, the effect of his pleas, and the waiver of his constitutional rights. The record clearly demonstrates Appellant's guilty pleas were made knowingly, intelligently, and voluntarily. However, we find the trial court's remarks in denying Appellant's motion to suppress shed further light on Appellant's argument that the trial court erred by accepting his plea in light of the fact he was a native Spanish speaker. At the suppression hearing, Appellant took the stand on his behalf. The trial court's entry dated April 21, 2014 stated:

> "From the evidence and this Court's review of the video statement, the defendant understood his rights when read to him by Detective Conkel and that he knowingly, voluntarily and intelligently waived his rights prior to giving his statement to the law enforcement officer. It is quite clear from the video the defendant was read his Miranda warnings and was asked whether he understood them. The defendant has lived in this country for over 15 years and the defendant stated he understood his rights. It should be noted the defendant even elaborated on the issue of an attorney being appointed should he not be able to afford to hire a lawyer. It should be noted this Court was quite surprised that it was able to understand 80 to 90% of everything the defendant said during his video statement. This Court, prior to arraignment, appointed a

Supreme Court certified interpreter to assist Mr. Soria in his defense. The state had objected to the appointment of the interpreter and it is evident from the statement that the defendant can comprehend and speak English. There were times during the statement that either the detective or Mr. Soria had to re-word their questions or answers but it seems apparent that both individuals understood what the other was saying. The defendant could easily and quickly respond to the questions of the detective and it should be noted that at one point in the interview the defendant wanted to go back to correct one of the answers that he had previously given. Although not controlling, this Court noticed during the defendant's testimony that he began to answer questions on cross-examination before the interpreter had an opportunity to finish her Spanish translation."

**{¶ 24}** We note a trial court is in the best position to evaluate witness credibility. *State v. Hambrick,* 4th Dist. Ross No. 11CA3294, 2012-Ohio-5139, ¶ 5. See *State v. Dunlap,* 73 Ohio St.3d 308, 314, 652 N.E.2d 988 (1995); *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982).

CONCLUSION

**{¶ 25}** In the case sub judice, the trial court's findings are supported by the record and the trial court did not err by accepting Appellant's plea. As such, we also conclude that the potential assignment of error advanced by appellate counsel is wholly without merit. The motion of counsel for Appellant requesting to withdraw as counsel is granted. This appeal is dismissed for the reason that it is wholly frivolous.

**APPEAL DISMISSED.**

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED.  Costs are assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.:    Concurs in Judgment and Opinion.
Harsha, J.:   Concurs in Judgment Only.

For the Court,

BY:    _____
       Matthew W. McFarland, Judge


**NOTICE TO COUNSEL:      Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**